UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VANDEN CATLI,

       Plaintiff,

v.                                                                  Case No: 2:15-cv-3-FtM-38CM

PENNYMAC CORPORATION,

       Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Defendant PennyMac Corporation's Motion to Dismiss (Doc. #10) filed on February 3, 2015. Although given the opportunity, *pro se* Plaintiff Vanden Catli did not timely file a response in opposition. This matter is now ripe for review.

### Background

On January 7, 2015, Plaintiff Vanden Catli filed a complaint against Defendant PennyMac Corporation. (Doc. #1). Catli alleges PennyMac unlawfully foreclosed his real estate property. (Doc. #1, at 1). In addition, Catli alleges PennyMac denied Catli's constitutional rights through a state court action. (Doc. #1, at 1). Catli seeks "restoring the property to its lawful owner." (Doc. #1, at 1). PennyMac now moves to dismiss this matter

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

with prejudice pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a court to dismiss an action pursuant to the lack of subject-matter jurisdiction. Rule 12(b)(1) attacks on subject matter jurisdiction occur in two forms: facial and factual. Garcia v. Copenhaver, Bell & Assocs., M.D.'s P.A., 104 F.3d 1256, 1260 (11th Cir. 1997) (citing Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990)). When there is a facial attack, the Court merely reviews the operative complaint to "see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." Lawrence, 919 F.2d at 1529 (citations omitted). Whereas, when there is a factual attack, the Court reviews matters outside the pleadings such as testimony and affidavits to determine if subject matter jurisdiction is present in the underlying case. Id.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a court to dismiss an action pursuant to the failure to state a claim upon which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. Bedasee v. Fremont Inv. & Loan, 2:09-CV-111-FTM29SPC, 2010 WL 98996, at *1 (M.D. Fla. Jan. 6, 2010) (citing Erickson v. Pardus, 551 U.S. 89 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002)). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co.

v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir.2008) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). Dismissal is warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Bedasee, 2010 WL 98996, at *1 (citing Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford Cnty, 960 F.2d 1002, 1009-10 (11th Cir.1992)).

## Discussion

PennyMac asserts Catli's lawsuit must be dismissed with prejudice because Catli cannot seek federal review of a state court judgment. PennyMac asserts Catli is seeking the Court's review of a state court foreclosure judgment. Pursuant to the Rooker-Feldman doctrine, Penny Mac asserts the Court lacks subject matter jurisdiction to entertain Catli's claim. See generally Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

Upon consideration, the Court finds PennyMac's argument is persuasive. The law is clear. A district court cannot review matters resolved in connection with a state court judgment and cannot review matters "inextricably intertwined" with a state court judgment. See Lozman v. City of Riviera Beach, Fla., 713 F.3d 1066, 1071-72 (11th Cir. 2013). Here, Catli's state court action ended before the commencement of this federal action. (See Doc. #10, at 15-19; cf. Doc. #1). Catli seeks review of a state foreclosure action and seeks the return of his property. Since the state court proceedings have ended and Catli's

claims before the Court are inextricably intertwined with the state court judgment, the Court does not have jurisdiction to facilitate this case. See Velazquez v. S. Florida Fed. Credit Union, 546 Fed. App'x. 854, 859 (11th Cir. 2013). That is, pursuant to the Rooker-Feldman doctrine the Court is unable to review the state court decision. The motion to dismiss is due to be granted.

Accordingly, it is now

**ORDERED:**

Defendant PennyMac Corporation's Motion to Dismiss (Doc. #10) is **GRANTED**. Plaintiff Vanden Catli's Complaint (Doc. #1) is **DISMISSED with prejudice**. The Clerk is directed to mail a copy of this order to Plaintiff Vanden Catli. The Clerk is directed to enter judgment and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 26th day of February, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record